UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

ENNEAGRAM PERSONALITY TYPES, INC.
d/b/a THE ENNEAGRAM INSTITUTE,                    **DECISION AND ORDER**

                          Plaintiff,

            v.                                    6:24-CV-06747 EAW CDH

SENAD KAJTEZOVIC, JOHN DOES NO.
1-3,

                          Defendants.

───────────────────────────────

## INTRODUCTION

In this trademark infringement case, plaintiff Enneagram Personality Types, Inc. d/b/a The Enneagram Institute ("Plaintiff") requests leave to serve expedited discovery in the form of interrogatories and document requests on defendant Senad Kajtezovic ("Defendant") and subpoenas duces tecum on non-parties Domains by Proxy, LLC ("Domains by Proxy") and Innovate360 Marketing, Inc. ("Innovate360"). The stated purpose of this motion is to enable Plaintiff to determine the identities, locations, and contact information of defendants John Does 1-3 ("John Doe Defendants")—the owners of three websites allegedly infringing on Plaintiff's trademarks—in order to effectuate service of process upon the John Doe Defendants. (Dkt. 9-1 at 5). Plaintiff also seeks an order from the Court permitting Plaintiff to serve the John Doe Defendants by email.

Additionally, Defendant has moved for a 35-day extension of time to respond

to the complaint, seeking a deadline of March 31, 2025. (Dkt. 17). Plaintiff opposes Defendant's request. (Dkt. 19).

For the reasons below, Plaintiff's motion for expedited discovery is granted, but its motion for alternative service is denied. Defendant's motion for an extension of the answer deadline is granted.

## BACKGROUND

Plaintiff owns various trademarks related to its provision of education and training in the Enneagram, a personality typing system. (Dkt. 1 at ¶¶ 23-31). John Does 1-3 are, respectively, the owners of the websites enneagramonline.com ("Website 1"), enneagrammeca.com ("Website 2"), and onlineseriestests.com ("Website 3"). (*Id.* at ¶¶ 6-8). Plaintiff alleges that these websites infringe on its intellectual property and engage in deceptive trade practices and unfair competition. (*Id.* at ¶ 10). Plaintiff also asserts a breach of contract claim against John Doe 1, who responded to a cease-and-desist demand by agreeing to "exit the enneagram space entirely," but, according to Plaintiff, continued to infringe on Plaintiff's trademarks. (*Id.* at ¶ 178).

Because Defendant's former address is listed on the contact section of Website 3, Plaintiff alleges that Defendant is either John Doe 3 or affiliated with John Doe 3. (*Id.* at ¶¶ 8-9). Plaintiff further suspects that the John Doe Defendants are either the same person or closely affiliated persons, or entities working together to operate these websites. (*Id.* at ¶ 10). A John Doe 4, who is not named as a defendant, operates the website onlinedisctests.com ("Website 4"), and is also believed to be affiliated with

the John Doe Defendants (collectively, the four websites are referred to hereinafter as the "Four Websites").  (Dkt. 1 at ¶¶ 72-75).

Plaintiff does not currently have the names, addresses, or contact information for the John Doe Defendants beyond the email addresses listed on their websites. (Dkt. 9-2 at ¶¶ 5, 10).  Moreover, the domain registrant for each of the websites is listed as Domains by Proxy, a domain privacy service affiliated with GoDaddy that conceals the name and contact information of the actual domain registrant.  (*Id.* at ¶ 6; Dkt. 9-6).  In accordance with its privacy policy, Domains by Proxy does not disclose the identity or account information of any customer without a valid subpoena. (Dkt. 9-7 at 2).

After Plaintiff commenced this action and served Defendant, counsel for Defendant sent a letter to Plaintiff's counsel stating that they represented Defendant as well as Defendant's company Innovate360, and that Plaintiff should have sued Innovate360, rather than Defendant in his individual capacity.  (Dkt. 15-1 at ¶ 2). Counsel for Plaintiff and Defendant subsequently held a meeting on January 21, 2025, which the parties recount differently.  (*See id.* at ¶ 3; Dkt. 9-3 at ¶¶ 4-8). However, Plaintiff's counsel claims, and Defendant's counsel does not deny, that Defendant's counsel "stated that it was their belief that Innovate360 is associated with or controls the websites at issue in this proceeding" and "noted that it was their understanding that [Defendant] was the owner and sole employee of Innovate360." (Dkt. 9-3 at ¶¶ 5-6).  At this meeting, Defendant's counsel also declined to consent to a motion for expedited discovery, representing that they would provide information

regarding the Four Websites.  (*Id.* at ¶ 7; Dkt. 15-1 at ¶ 3).  On January 24, 2025,

Defendant's counsel emailed Plaintiff's counsel stating that Defendant would provide

Plaintiff with information next week.  (Dkt. 15-1 at ¶ 4).  The domain registrations

for Websites 1 and 2 were updated on February 4, 2025, and February 1, 2025,

respectively.  (Dkt. 9-3 at ¶ 12).

Upon not receiving any information from Defendant or his counsel, Plaintiff

filed the instant motion on February 7, 2025.  (*Id.* at ¶ 11; Dkt. 9).  Plaintiff seeks to

serve a subpoena duces tecum on Domains by Proxy requesting:

> 1. All documents related to enneagramonline.com from 2023 to the
> present, including identification of, and contact information for, all
> owners, registrants, points of contact, registrations or updates to
> registrations.
>
> 2. All documents related to enneagrammeca.com from 2023 to the
> present, including identification of, and contact information for, all
> owners, registrants, points of contact, registrations or updates to
> registrations.
>
> 3. All documents related to onlineseriestests.com from 2023 to the
> present, including identification of, and contact information for, all
> owners, registrants, points of contact, registrations or updates to
> registrations.
>
> 4. All documents related to onlinedisctests.com from 2023 to the present,
> including identification of, and contact information for, all owners,
> registrants, points of contact, registrations or updates to registrations.

(Dkt. 9-4).  Plaintiff also seeks to serve a subpoena duces tecum on Innovate360

requesting:

> 1. All documents identifying and providing contact information for the
> owners, directors and officers of Innovate360 Marketing from 2023 to
> the present.
>
> 2. All documents identifying and providing contact information for any

companies related to or affiliated with Innovate360 Marketing from 2023 to the present.

3. All documents identifying and providing contact information for any party who controlled the web domains located at enneagramonline.com, enneagrammeca.com, onlineseriestests.com and onlinedisctests.com including who registered, owned, controlled, and/or has been designated as a point of contact for each website from 2023 to the present.

(Dkt. 9-8). Plaintiff further seeks to serve the following interrogatories and document

requests on Defendant:

1. Identify and provide contact information for all persons who registered, owned, controlled and operated the web domains located at enneagramonline.com, enneagrammeca.com, onlineseriestests.com, and onlinedisctests.com from 2023 to the present.

2. Identify and provide contact information for all companies that Senad Kajtezovic founded, owned, operated or held a position as an officer or director from 2023 to the present.

3. Identify with particularity any changes, since the filing of the Complaint in this matter, made to the domain registrations and any other change or modification to the servers, registrants, domain names and websites located at enneagramonline.com, enneagrammeca.com, onlineseriestests.com and onlinedisctests.com.

4. All documents identifying and providing contact information for all persons who registered, owned, controlled and operated the web domains located at enneagramonline.com, enneagrammeca.com, onlineseriestests.com and onlinedisctests.com from 2023 to the present.

5. All documents identifying and providing contact information for all companies that Senad Kajtezovic founded, owned, operated or worked as a director from 2023 to the present.

6. All documents identifying the owners, directors and officers of Innovate360 Marketing from 2023 to the present.

7. All documents identifying the owners, directors and officers of SK Performance Marketing Inc. from 2023 to the present.

8. All documents identifying the owners, directors and officers of Seno

Marketing LLC from 2023 to the present.

9. All documents identifying the owners, directors and officers of Greenwater Marketing Group LLC from 2023 to the present.

(Dkt. 9-5).

On February 10, 2025, Defendant's counsel emailed Plaintiff's counsel "comments" regarding the Four Websites. (*See* Dkt.16-2).

Regarding Website 1, Defendant's counsel stated that an entity called Greenwater Marketing Group LLC ("Greenwater Marketing") responded to Plaintiff's cease-and-desist to Website 1, and that neither Defendant nor Innovate360 have any association with Greenwater Marketing or Website 1. (*Id.* at 2). Defendant's counsel also stated that they represent Principal Marketing Team LLC ("Principal Marketing"), an entity that was directing traffic to Website 1 until the website was deactivated in August 2023, and "[t]hus, when [Greenwater Marketing] responded that it would get out of the Enneagram space, it looks like it did." (*Id.*).

Regarding Website 2, Defendant's counsel stated that it "is the only domain in the complaint that [Defendant and Innovate360] have anything do with, and that Plaintiff's trademarks were ad copy terms placed by Google. (*Id.*).

Regarding Website 3, Defendant's counsel stated that it "is associated with Innovate360 and its merchant account, however, it was never marketed on Google." (*Id.*).

Regarding Website 4, Defendant's counsel stated that Principal Marketing controls this domain.[1] (*Id.* at 3).

---

[1]    On the record before the Court, it is unclear how Defendant, among other

On February 17, 2025, Defendant filed his opposition to Plaintiff's motion for expedited discovery.  On February 19, 2025, Defendant's counsel emailed documents to Plaintiff's counsel on behalf of Innovate360 and Principal Marketing, but Plaintiff claims that the documents "are not fully responsive to Plaintiff's proposed discovery requests, contain information contradictory to Defendant's counsel's prior representations, and do not fully identify the owner and controllers of the domains and websites at issue."  (Dkt. 16 at 6).  Plaintiff filed reply papers on February 21, 2025.  (Dkt. 16).

Also on February 21, 2025, Defendant filed his request for an extension of the answer deadline.  (Dkt. 17).  Plaintiff filed opposition papers on February 26, 2025 (Dkt. 19), and Defendant filed a reply on February 28, 2025 (Dkt. 20).

## DISCUSSION

I. **Motion for Expedited Discovery**

A. **Legal Standard**

Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"  Fed. R. Civ. P. 26(d)(1).  "However, discovery will be permitted in advance of a Rule 26(f) conference when it is 'authorized . . . by court order.'"  *Rotten Records, Inc. v. Doe*, 107 F. Supp. 3d 257, 258 (W.D.N.Y. 2015) (quoting Fed. R. Civ. P. 26(d)(1)).

---

things, knows that Greenwater Marketing responded to Plaintiff's cease-and-desist, and that Principal Marketing directed traffic to Website 1 and controls Website 4, while disclaiming any association with these companies or websites.

As it has itself acknowledged, the Second Circuit has not articulated a specific standard for determining whether to allow expedited discovery. *See Leslie v. Starbucks Corp.*, No. 23-1194-CV, 2024 WL 2186232, at *5 n.8 (2d Cir. May 15, 2024) ("We see no need to declare a specific standard and instead apply the general abuse of discretion standard that we already apply to discovery-related decisions."). District courts in this Circuit "have variously applied either the four-part test derived from *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)—the elements of which track the standard for granting a preliminary injunction—or the more flexible standard of reasonableness and good cause[.]" *R.R. Donnelley & Sons Co. v. Marino*, 505 F. Supp. 3d 194, 209 (W.D.N.Y. 2020) (quoting *Schneiderman v. Griepp*, No. 17-CV-3706 (CBA) (JO), 2017 WL 3129764, at *1 (E.D.N.Y. July 20, 2017)).

"The majority of courts in the Second Circuit apply the more flexible 'good cause' standard when evaluating motions for expediting discovery." *R.R. Donnelly*, 505 F. Supp. 3d at 209. This standard "requires the party seeking the discovery to prove that the requests are reasonable under the circumstances." *N. Atl. Operating Co. v. Evergreen Distributors, LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013) (quotation omitted). Courts may consider "the burden of responding to the discovery requests and the likelihood that the proffered discovery will eventually take place[.]" *United States v. Erie Cnty., N.Y.*, No. 09-CV-849S, 2010 WL 11578742, at *3 (W.D.N.Y. Mar. 6, 2010).

In cases where the plaintiff seeks expedited discovery to subpoena an internet service provider for the purpose of identifying a John Doe defendant, courts often

apply the five-factor analysis adopted by the Second Circuit in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010).  *See e.g.*, *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 521 (S.D.N.Y. 2019); *Rotten Records, Inc.*, 107 F. Supp. 3d at 258; *Malibu Media, LLC v. John Does 1-11,* No. 12 CIV. 3810 ER, 2013 WL 3732839, at *5-6 (S.D.N.Y. July 16, 2013).  The five *Arista* factors are:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

*Arista Records*, 604 F. 3d at 119 (quoting *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)).

Courts have also applied variations of the *Arista* factors when determining whether good cause exists for a plaintiff to subpoena other digital platforms for the purpose of identifying a John Doe defendant.  *See Corey Sipkin Photography LLC v. ABC Corp*, No. 23-CV-4754 (LJL), 2023 WL 6881683, at *1 (S.D.N.Y. Oct. 17, 2023) (permitting subpoena on third party that had "represented itself as a contracted publisher of the underlying web domain, providing the technology platform for the Website but not actually owning or operating it"); *Cengage Learning, Inc. v. Xuhong Wang*, No. 17 CIV. 4914 (JFK), 2017 WL 11570668, at *1-2 (S.D.N.Y. Sept. 14, 2017) (permitting subpoenas on "current and former third-party service providers of the websites www.ebooksgogo.com and www.ietext.com, including but not limited to GoDaddy, LLC, PayPal, Inc., and Woo Commerce").

The parties in this case disagree on the applicability of the *Arista* factors.

Plaintiff initially relies on the factors in support of its motion. (*See* Dkt. 9-1 at 10). Defendant argues that the *Arista* factors are inapplicable because "*Arista*'s precedential value is limited to expedited discovery in the context of a motion to quash a subpoena on First Amendment grounds." (Dkt. 15 at 13). Defendant claims that "[n]o Court in this Circuit has relied on the *Arista* analysis to resolve a Rule 26 motion for expedited discovery, as opposed to a Rule 45 motion to quash." *Id.*

As an initial matter, courts in this Circuit have in fact relied on the *Arista* factors to resolve a Rule 26 motion for expedited discovery, including at least one case cited by Defendant himself. *See Rotten Records, Inc.*, 107 F. Supp. 3d at 258 ("Presently before the Court is Plaintiff's . . . motion for leave to serve a third party subpoena prior to a Rule 26(f) conference."); *see also Corey Sipkin Photography LLC*, 2023 WL 6881683, at *1-2 (S.D.N.Y. Oct. 17, 2023) (applying *Arista* factors where plaintiff "move[d], by letter motion and pursuant to Federal Rule of Civil Procedure 26(d)(1), for leave to conduct discovery in advance of a Rule 26(f) conference and to serve a subpoena"); *Strike 3 Holdings, LLC v. Doe*, No. 20 CIV 4501 WFK VMS, 2021 WL 535218, at *3 (E.D.N.Y. Feb. 12, 2021) ("In fact, [use of the *Arista* factors] may be more necessary on a Rule 26 motion [than on a Rule 45 motion to quash], when a John Doe defendant does not yet have notice or opportunity to protect his anonymity.").

Moreover, multiple courts have treated the *Arista* factors, in conjunction with other factors, as useful for determining whether good cause exists on a motion for expedited discovery. *See id.* at *4 ("This Court finds that a Rule 26(d)(1) motion

should be analyzed in light of the reasonableness and good cause standard incorporating the Arista factors"); *Reinhardt v. City of Buffalo*, No. 1:21-CV-206, 2021 WL 3174018, at *2 (W.D.N.Y. June 7, 2021) (listing the *Arista* factors among "a variety of factors" that guide the good cause inquiry and finding that good cause existed to allow expedited discovery in the form of interrogatories on defendants).[2]

Even if *Arista* were limited to circumstances where the expedited discovery involved a third-party subpoena implicating a First Amendment anonymity interest, this is, in fact, such a case. Plaintiff is seeking permission from the Court, in part, to serve a subpoena on Domains by Proxy, which is the listed domain registrant for each of the websites owned by the John Doe Defendants. (Dkt. 9-1 at 8). Domains by Proxy is a service used by web domain owners specifically to conceal their identities. (*See id.*). The fact that this subpoena is not being served on Defendant does not render *Arista* inapplicable. Plaintiff must show good cause to obtain a court order to "seek discovery from *any* source." *See* Fed. R. Civ. P. 26(d)(1) (emphasis added).

**B.    Analysis**

For the reasons discussed above, the Court finds that the *Arista* factors are useful here as part of the larger good cause inquiry. The Court further finds that

---

[2]    As Plaintiff notes, Defendant cites only one case where a court has questioned the applicability of the *Arista* factors to a Rule 26 motion for expedited discovery. (Dkt. 16 at 11). But even that decision acknowledges that "[t]he *Arista* factors inform [the good cause] analysis." *See Strike 3 Holdings, LLC v. Doe*, 331 F.R.D. 14, 17 (E.D.N.Y. 2019). Additionally, other courts in this Circuit have since questioned that decision's reasoning. *See Strike 3 Holdings, LLC v. Doe*, 2021 WL 535218, at *2-3; *Strike 3 Holdings, LLC v. Doe*, No. 19 CV 5818 AT JLC, 2019 WL 5459693, at *2-3 (S.D.N.Y. Oct. 9, 2019).

expedited discovery is warranted.

First, accepting the allegations in Plaintiff's complaint as true for the purposes of this motion, Plaintiff has made a prima facie showing of its causes of action.  (*See* Dkt. 9-1 at 11-15).  While Defendant asserts that Innovate360 is the correct party, and that Plaintiff has no causes of action against Defendant in his individual capacity (Dkt. 15 at 5-6), a corporate officer can be held personally liable under the Lanham Act for trademark infringement and unfair competition if the officer is either the sole shareholder and employee, or a direct participant in the infringing activity.  *See, e.g., Lion-Aire Corp. v. Lion Air Installation, Inc.*, 747 F. Supp. 3d 488, 515 (E.D.N.Y. 2024); *Canon U.S.A., Inc. v. F & E Trading LLC*, No. 2:15-CV-6015 (DRH)(AYS), 2017 WL 112515 (E.D.N.Y. Jan. 11, 2017).  Plaintiff has also plausibly alleged that Defendant can be held personally liable for Plaintiff's claim for deceptive acts and practices.  *See Mayfield v. Asta Funding, Inc.*, 95 F. Supp. 3d 685, 701 (S.D.N.Y. 2015) (explaining that under New York law, "[a] corporate employee or officer who himself participates in a tort, even if it is in the course of his duties, may be held individually responsible") (quotation omitted).

Second, Plaintiff's discovery requests are specific, in that they are limited to documents and information regarding the potential owners and operators of the Four Websites and, in the case of one interrogatory, evidence that may have been tampered with after Plaintiff filed its complaint.  To the extent that some of the information sought from Defendant may also be used to ascertain his relationship and/or affiliation with the John Doe Defendants, it is highly likely that discovery of this

information will take place eventually. *See Erie Cnty*, 2010 WL 11578742, at *3; *see also OMG Fid., Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 305 (N.D.N.Y. 2006) (giving less weight to the alleged burden on defendant when the discovery sought will likely take place eventually based on the likelihood of defendant's total success on a motion to dismiss). Further, if Defendant's involvement with the Four Websites is as limited as he represents, then responding to the discovery requests as to himself will not be as burdensome as he claims. (*See* Dkt. 15 at 15-16).

Third, Plaintiff has demonstrated that it lacks alternative means to obtain the information sought. Domains by Proxy's privacy policy requires a valid subpoena to obtain a customer's identity or account information. (Dkt. 9-7 at 2). With respect to the other discovery requests, Defendant claims that he "has clearly provided more than enough information for Enneagram Institute to ascertain the identities of the entities that control the four (4) websites at issue." (Dkt. 15 at 6-7; Dkt. 15-1 at ¶ 6). However, Defendant's counsel provided this information *after* Plaintiff filed the instant motion. In addition, the Court agrees with Plaintiff that the "comments" provided by Defendant's counsel raise more questions than answers regarding Defendant's affiliation with potential John Doe defendants Greenwater Marketing and Principal Marketing—who Defendant claims control Websites 1 and 4, respectively—as well as the extent to which Defendant and Innovate360 are solely liable for the claims arising from Websites 2 and 3—which Defendant admits varying degrees of vague association with. (*See* Dkt. 16-2 at 2-3). Plaintiff has also provided evidence that Website 2 was registered before Innovate360 was incorporated. (*See*

- 13 -

Dkt. 16 at 7-8; Dkt. 16-3 at 2; Dkt. 9-6 at 11). In short, Defendant has substantiated Plaintiff's identification of him as a person with a high degree of knowledge of, if not direct involvement with, the John Doe Defendants. Accordingly, it is reasonable for Plaintiff to believe that seeking discovery from Defendant will help it identify the John Doe Defendants.

Fourth, Plaintiff has demonstrated that without expedited discovery, it cannot ascertain the identities of the John Doe Defendants, and thereby serve them and proceed with this litigation. As explained above, the Court disagrees with Defendant that the information he has volunteered obviates the need for expedited discovery. Moreover, Defendant appears to only set forth arguments opposing the discovery requests as to himself, not Domains by Proxy or Innovate360. (*See* Dkt. 15 at 7-8). Plaintiff has also shown a risk of spoliation in that the domain registrations for two of the Four Websites were updated after Plaintiff's counsel indicated its intention to file the instant motion for expedited discovery. (*See* Dkt. 9-3 at ¶ 12; Dkt. 9-9).

Fifth, the Court does not find that there is a sufficient privacy interest to overcome Plaintiff's interest in ascertaining the John Doe Defendants' identities and addresses. "Defendant[s] are entitled only to a minimal expectation of privacy . . . where Plaintiff[ ] [has] alleged what appear to be meritorious trademark infringement claims and must determine Defendant[s'] identit[ies] in order to litigate those claims." *Bloomberg, L.P. v. John Does 1-4,* No. 13 CIV. 01787 LGS, 2013 WL 4780036, at *4 (S.D.N.Y. June 26, 2013) (quotation omitted).

Defendant argues that Plaintiff has not shown good cause because there is no

motion for a preliminary injunction pending.  (Dkt. 15 at 16).  However, Defendant does not cite to any authority in this Circuit to support the proposition that a pending preliminary injunction motion is necessary under the good cause standard.  Though courts "may take into account the standard necessary to establish entitlement to a preliminary injunction," the test for good cause is ultimately one of reasonableness. *R.R. Donnelly*, 505 F. Supp. 3d at 210.   The factors analyzed above indicate that Plaintiff's request for expedited discovery is reasonable under the circumstances.

The Court also disagrees with Defendant that Plaintiff failed to comply with any applicable "pre-motion meet and confer requirement."  (*See, e.g.*, Dkt. 15 at 15). The innate function of a motion for expedited discovery is to begin discovery prior to a Rule 26(f) meet and confer.  *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) ("Though parties generally may not initiate discovery prior to satisfying the meet and confer requirement of Fed. R. Civ. P. 26(f), courts may in some instances order earlier discovery.") (citing Fed. R. Civ. P. 26(d)(1)).  In any event, both parties represent that there was a conference in which they discussed Plaintiff's intention to file this motion.  (*See* Dkt. 9-3 at ¶ 4; Dkt. 15-1 at ¶ 2).  Defendant does not otherwise specify what meet and confer requirement Plaintiff failed to comply with.

For all these reasons, the Court grants Plaintiff's request for expedited discovery.  Given its finding that expedited discovery is warranted, the Court denies Defendant's request to be awarded attorney's fees and the costs associated with this motion.  (*See* Dkt. 15 at 7, 16).

## II.    <u>Motion for Alternative Service</u>

Plaintiff also requests the Court's permission to serve the John Doe Defendants by email at the email addresses listed under "Contact" on the three allegedly infringing websites.  (Dkt. 9-1 at 19).

Under Rule 4, an individual or corporation may be served in accordance with state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located.  Fed. R. Civ. P. 4(e)(1), (h)(1)(A).  In accordance with New York law, the Court can permit service by email when traditional means are impracticable.  *See GP Acoustics (US), Inc. v. J&V Audio, Inc.*, No. 17 CIV. 05305 (AKH), 2017 WL 11570459, at *1 (S.D.N.Y. Sept. 13, 2017)

However, given that the Court is granting Plaintiff's motion for expedited discovery, the use of alternative service is premature.  The express purpose of Plaintiff's motion for expedited discovery is "to seek the information required to identify and contact each of the John Doe defendants." (Dkt. 9-1 at 6).  "If expedited . . . discovery reveals the identities and locations of the unidentified Defendants, then alternative service may not be necessary."  *adMarketplace, Inc. v. Tee Support*, Inc., No. 13 CIV. 5635 LGS, 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013) (denying motion for alternative service in light of granting motion for expedited discovery); *see also Fornix Holdings LLC v. Unknown Party*, No. CV-22-00494-PHX-DLR, 2022 WL 992546 (D. Ariz. Apr. 1, 2022) ("Plaintiffs will have expedited discovery to learn the defendant's identity. . . . [I]t may be possible for Plaintiffs to serve it by traditional means after learning its identity."); *Amazon.com, Inc. v. Fitzpatrick*, No. C20-1662

RSM, 2021 WL 211540, at *2 (W.D. Wash. Jan. 21, 2021) ("Plaintiff presently seeks expedited discovery from third parties on the basis that it will aid the identification of the . . . Defendants and their physical addresses . . . Service by email may ultimately be the most reasonable option, but that question should await the results of Plaintiff's expedited discovery.").

Plaintiff may renew its request for alternative service if, after undertaking expedited discovery, it is still unable to effectuate service by traditional means.

## III.    Motion for Extension of the Answer Deadline

The Court finally considers Defendant's request for an extension of the answer deadline.  Under Federal Rule of Civil Procedure 6(b)(1), a court may extend a deadline before it has passed, or before its extension expires, for good cause.  Fed. R. Civ. P. 6(b)(1)(A).  Rule 6(b)(1) is a "non-rigorous standard" that "gives the district court *wide discretion* to grant a request for additional time."  *Alexander v. Saul*, 5 F.4th 139, 154 (2d Cir. 2021) (quotation and alteration omitted).  "An application for an extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party."  *Id.* (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1165 (4th ed. 2021)).

Defendant states that an extension is necessary to "1) provide any additional information that Plaintiff requires to craft its Amended Complaint; 2) attempt to settle this case once the Court has ruled on the pending Motion for Expedited Discovery; and 3) to conserve both the Court's and [Defendant's] resources by

preventing [Defendant] from having to file two separate motions to dismiss—one before Plaintiff amends its complaint and one after." (Dkt. 17-1 at ¶ 14).

Plaintiff's objections are primarily arguments in furtherance of its motion for expedited discovery. (*See* Dkt. 19 at 5-6). Specifically, Plaintiff asserts that Defendant's basis for an extension is inconsistent with his stated opposition to expedited discovery, and that an extension will frustrate Plaintiff's ability to identify the John Doe Defendants and their affiliation with Defendant through expedited discovery. (*See id.*). These objections are rendered moot by the Court's granting Plaintiff's request for expedited discovery. The Court therefore finds that Plaintiff will not be prejudiced by granting an extension. The Court further does not find that Defendant has engaged in bad faith in seeking an extension of the answer deadline.

For these reasons, the Court grants Defendant's request for an extension of the answer deadline. Defendant shall answer or otherwise respond to the complaint by no later than March 31, 2025.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for expedited discovery and alternative service (Dkt. 9) is granted in part and denied in part. Plaintiff may serve its proposed subpoenas on Domains by Proxy and Innovate360, as well as its proposed interrogatories and document requests on Defendant. Plaintiff shall attach a copy of this Decision and Order to the subpoenas. Domains by Proxy, Innovate360, and Defendant are directed to respond to Plaintiff's discovery requests within 14 days of service. Plaintiff's motion for alternative service is denied without prejudice.

Plaintiff may seek additional time for service of the John Doe Defendants pursuant to Federal Rule of Civil Procedure 4(m) if needed and may renew its motion for alternative service if expedited discovery does not provide sufficient information to allow service by traditional means.

Defendant's motion for an extension of the answer deadline (Dkt. 17) is granted. Defendant shall answer or otherwise respond to the complaint by March 31, 2025.

**SO ORDERED**.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
       March 6, 2025

- 19 -